SIGNED THIS 26th day of January, 2022

*Rebecca B. Connelly*
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
*Harrisonburg Division*

| | |
|---|---|
| IN RE:<br>LORETTA LEE FITZGERALD,<br><br>                    DEBTOR. | CHAPTER   18-50571<br><br>CASE NO.   13<br><br>JUDGE:     REBECCA B. CONNELLY |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST<br>                    MOVANT,<br>V.<br>LORETTA LEE FITZGERALD<br>330 MARY GRAY LANE<br>STAUNTON, VA 24401<br>                    DEBTOR,<br><br>MICHAEL W. FITZGERALD<br>330 MARY GRAY LANE<br>STAUNTON, VA 24401<br>                    CO-DEBTOR,<br><br>HEREBERT L. BESKIN<br>123 EAST MAIN ST., STE. 310<br>CHARLOTTESVILLE, VA 22902<br>                    TRUSTEE,<br><br>                    RESPONDENTS. | |

## **AGREED ORDER MODIFYING THE AUTOMATIC STAY AND CO-DEBTOR STAY**

     This matter comes before the Court on the Motion for Relief from Automatic Stay, filed on August 6, 2015 (the "Motion") on behalf of U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST (the "Movant"), by counsel.

WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $80,300.00 (the "Note"), the payment of which is secured by a deed of trust dated August 15, 2005 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 330 MARY GRAY LANE, STAUNTON, VA 24401 (the "Property") and more particularly described as follows:

ALL OF THAT CERTAIN LOT OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON AND ALL RIGHTS, PRIVILEGES AND APPURTENANCES THERETO BELONGING, SITUATE IN THE CITY OF STAUNTON, VIRGINIA, KNOWN BY PRESENT HOUSE NUMBERING AS 330 MARY GREY LANE, AND FURTHER DESIGNATED AND DESCRIBED AS LOT 37 ON THE PLAT OF MARY GREY COURT, MADE BY C.G. IRVINE, REGISTERED SURVEYOR, BEARING DATE OF THE 27TH DAY OF NOVEMBER, 1931, BEING OF RECORD IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF AUGUSTA COUNTY, VIRGINIA, IN DEED BOOK 256, PAGE 230.

AND BEING THE SAME REAL ESTATE ACQUIRED BY MICHAEL W. FITZGERALD AND LORETTA L. FITZGERALD, HUSBAND AND WIFE, BY DEED OF BRIAN J. MEYER AND REBECCA L. MEYER, HUSBAND AND WIFE, DATED AUGUST 3, 2005, AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF STAUNTON, VIRGINIA, IMMEDIATELY PRECEDING THIS INSTRUMENT.

WHEREAS, the Co-Debtor, Michael W. Fitzgerald, did not file a response to the Motion; and,

WHEREAS, the Movant and the Debtor have reached an agreement to resolve the Motion, according to the terms detailed herein;

NOW THEREFORE, it is hereby

**ORDERED**

that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay (the "Agreed Order") are stayed, contingent upon the Debtors' continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1. The Debtor will resume making regular monthly installment payments to the Movant in the amount of $485.86 (subject to adjustment due to interest rate changes, changes to escrow and all other conditions and obligations set forth in the Note and Deed of Trust), commencing on January 1, 2022, and the Debtor shall continue to make regular monthly installment payments every month thereafter as the payments become due, in accordance with the Note. The Debtor shall provide to the Chapter 13 Trustee (the "Trustee"), within twenty-one (21) days of entry of this order, evidence that a recurring and automatic bill pay at their bank has been established for the purpose of remitting the

ongoing mortgage payments to the Movant.

2.      The Debtor will cure the post-petition arrearage currently due to the Movant through December 1, 2021, in the total amount of $10,469.34, which includes 19 post-petition monthly payments due from June 1, 2020 through December 1, 2021 in the amount of $485.86 each, attorney fees and court filing costs incurred in the filing of the Motion, and credit for funds in suspense in the amount of $0.00, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall provide that the arrearage will be paid the by the Trustee, along with any outstanding pre-petition arrearage, to the Movant for the remaining life of the current bankruptcy case. The Debtor shall file the Amended Plan within twenty-one (21) days of the entry of this Agreed Order.

3.      The parties hereby agree, and the Court hereby Orders, that the amount of post-petition arrears owed to the creditor are determined to be $10,469.34 through December 31, 2021. If the creditor has previously filed an allowed secured claim, this determination of its amount shall be considered sufficient for the Trustee to pay this amount without the need for the creditor to file a supplemental or amended claim.  If a supplemental or amended claim for post-petition arrears is filed by the creditor with a different amount than that set forth above, it shall supersede this information and the Trustee shall adjust payments on this claim accordingly, with rights reserved to all parties to object for good cause shown.  If the creditor has not previously filed an allowed secured claim, it must do so before the Trustee can pay these post-petition arrears.

4.      In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, or if the Debtor does not file the Amended Plan within 21 days the entry of this order, the Movant may file a Notice of Default with the Bankruptcy Court, and shall mail a copy to the Debtor by first class mail. The notice of default will state in simple and plain language:

    a.    That the Debtor is in default in making at least one payment required under this order;

    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

    c.    The action necessary to cure the default, including any address to which payments must be mailed;

    d.    That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i.    cure the default;
        ii.    file an objection with the court stating that no default exists; or
        iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

   e. That if the Debtor or Trustee do not take one of the actions set forth in paragraph 4(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

  If the Debtor or Trustee do not take one of the actions set forth in paragraph 4(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee have taken one of the actions set forth in paragraph 4(d) and may submit together with the certificate a draft order, endorsed by the Trustee, terminating the automatic stay.

  If the Debtor or Trustee file a Response to the Notice of Default, the Respondent shall set the matter for hearing, at which time the Court may terminate the stay or take other action appropriate to the circumstances.

  5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

  6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

  7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

  IT IS FURTHER ORDERED that if the holder of any other deed of trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

  IT IS FURTHER ORDERED that upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement, and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor(s).

IT IS FURTHER ORDERED that upon entry of an order terminating the stay, the Trustee will cease making any payments on the Movant's secured claim which were required by the plan. Within 180 days of the entry of an order terminating the stay, the Movant must file an amended unsecured claim for any deficiency (which claim must include documentation proving that the Movant has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) or such claim against the bankruptcy estate shall be forever barred.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Court and the Trustee in writing of the results of any foreclosure sale of the Property conducted by the Movant resulting in surplus proceeds, and shall pay to the Trustee any excess funds received from that foreclosure sale. Upon payment of the funds as set forth herein, the Movant shall be free of any further duties or responsibilities in regards to the excess proceeds paid to the Trustee.

IT IS FURTHER ORDERED that the co-debtor stay of 11 U.S.C. § 1301 is terminated.

**\*\*END OF ORDER\*\***

**WE ASK FOR THIS:**

*/s/ Todd Rich*
Todd Rich, VSB# 74296
3550 Engineering Dr.
Suite 260
Peachtree Corners, GA 30092
470-289-4347
trich@mtglaw.com
*Attorney for Movant*

**SEEN AND AGREED:**

*/s/ William Harville*
William Harville, Esq.
327 W. Main St., #3
Charlottesville, VA 22903
*Counsel for the Debtor*

**SEEN:**

*/s/ Herbert L. Beskin*
Herbert L. Beskin
123 East Main St., Ste. 310
Charlottesville, VA 22902
*Chapter 13 Trustee*

## **CERTIFICATION**

I HEREBY CERTIFY that the foregoing proposed Agreed Order Modifying the Automatic Stay has been endorsed by or on behalf of all necessary parties.

                                                  */s/ Todd Rich*
                                                 Todd Rich

**SERVICE LIST**

**VIA U.S. MAIL**
LORETTA LEE FITZGERALD
330 MARY GRAY LANE
STAUNTON, VA 24401

MICHAEL W. FITZGERALD
330 MARY GRAY LANE
STAUNTON, VA 24401

**VIA CM/ECF**
WILLIAM HARVILLE
327 W. MAIN ST., #3
CHARLOTTESVILLE, VA 22903

HERBERT L. BESKIN
123 EAST MAIN ST., STE. 310
CHARLOTTESVILLE, VA 22902